UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERNON MARTIN, | Case No. 3:23-cv-00105-RCJ-CLB |
| Petitioner, | **ORDER** |
| v. | |
| TIM GARRETT, et al., | |
| Respondents. | |

Petitioner Vernon Martin submitted a *pro se* protective 28 U.S.C. § 2254 habeas petition, submitted a motion for counsel, and paid his filing fee. (ECF Nos. 1-1, 1-2, 3.) This matter comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Martin's motion for appointment of counsel. For the reasons discussed below, this Court directs service of the petition and grants Martin's motion.

**I.     BACKGROUND**[1]

Martin challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Vernon Ernest Martin*, Case No. CR19-2924. On January 19, 2021, the state court entered a judgment of conviction, pursuant to a guilty plea, for attempted lewdness with a minor. Martin was sentenced to 96 to 240 months (8-20 years) in prison. Martin appealed, and the Nevada Court of Appeals affirmed on November 17, 2021.

---

[1] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. These docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Martin moved for review by the Nevada Supreme Court, but the Nevada Supreme Court denied review. Remittitur issued on January 27, 2022.

On December 5, 2022, Martin transmitted a *pro se* state petition for writ of habeas corpus. The state court appears to have filed the petition in Martin's criminal case.[2] Following the filing of Martin's petition, Martin's criminal counsel withdrew, noting that his representation of Martin concluded when the Nevada Supreme Court denied his petition for review on direct appeal almost a year prior. However, because Martin still technically had counsel listed in his criminal case (and because the state court did not file Martin's state petition for writ of habeas corpus in a separate civil case), the state court struck Martin's state petition for writ of habeas corpus as a fugitive document because it was "filed in proper person while he was represented by" counsel. (ECF No. 1-1 at 170.) Martin indicates that he intends to file an appeal to the Nevada Supreme Court.

Martin, with the help of a fellow inmate, transmitted his federal habeas petition on or about March 16, 2023. (ECF No. 1-1 at 1.) Martin brings eight ineffective assistance of trial counsel claims, one ineffective assistance of appellate counsel claim, and a cumulative error claim. (*Id*. at 18–19.)

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

---

[2] Nev. Rev. Stat. § 34.730(3) provides that "the clerk of the district court shall file a petition as a new action separate and distinct from any original proceeding in which a conviction has been had."

procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

This Court now turns to Martin's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Martin. The Court finds that appointment of counsel is in the interests of justice given, among other things, the procedural history of Martin's state habeas petition, his rather lengthy aggregate sentence, and his health issues. Regarding the last point, Martin represents that he is 76 years old and suffers various mental and physical health issues. (*See* ECF No. 1-2 at 4.)

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the clerk file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the clerk (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (2) electronically serve Respondents' counsel a copy

of the petition (ECF No. 1-1), and (3) electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2) is granted.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve the Federal Public Defender a copy of this order and the petition (ECF No. 1-1). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Martin by filing a notice of appearance or (2) indicate the office's inability to represent Martin in these proceedings. If the Federal Public Defender is unable to represent Martin, the Court will appoint alternate counsel. Appointed counsel will represent Martin in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Martin remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that the clerk is directed to send a copy of this order to Martin and the CJA Coordinator for this division.

Dated: May 24, 2023

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT